UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CONSTANCE SMITH and
COURTNEY ELLINGTON,

      Plaintiffs,

vs.

WBY, INC. a/k/a FOLLIES,
STEVEN YOUNGELSON,
SURREY WHITE,
EDWARD ALLEN and
STEVEN SHINE,

      Defendants.

CIVIL ACTION FILE

NO.: _____

## COMPLAINT[1]

COME NOW CONSTANCE SMITH and COURTNEY ELLINGTON,

(collectively referred to as "Plaintiffs"), by and through their attorneys, and assert

---

[1] On February 5, 2016, Defendant WBY, Inc. d/b/a Follies filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. The bankruptcy case is pending in the U.S. Bankruptcy Court for the Northern District of Georgia. Each captioned Plaintiff filed a proof of claim in the bankruptcy case. On October 7, 2016, the Bankruptcy Court entered an order lifting the automatic stay to allow the captioned Plaintiffs (and other entertainers) to "proceed for the purpose of the District Court determining (i) whether the [Plaintiffs] were employees of Debtor and, if so (ii) whether Debtor violated the FLSA, 29 U.S.C. Sec. 201 *et seq*. by failing to compensate [Plaintiffs] at the minimum and overtime rates." Plaintiffs' claims against WBY, Inc. are brought consistent with that Order. A copy of the Order lifting the stay is attached hereto as Exhibit 1.

claims against WBY, INC. a/k/a FOLLIES, STEVEN YOUNGELSON, SURREY WHITE, EDWARD ALLEN and STEVEN SHINE (collectively "Defendants") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), for due but unpaid minimum and overtime wages and other relief on the grounds set forth as follows:

## INTRODUCTION

1.      Plaintiffs are former waitresses employed by Defendants at Follies strip club in Atlanta, Georgia. Defendants misclassified Plaintiffs as independent contractors and failed to pay them minimum and overtime wages required by the FLSA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action includes claims arising under the FLSA.

3.      Venue is proper under 28 U.S.C. § 1391 because Defendants reside in this District and all of the events giving rise to these claims arose in this District.

## PARTIES

4.      Defendant WBY, Inc. ("WBY") is a corporation organized and existing under the laws of the State of Georgia. WBY may be served at its principal office or registered agent located in Atlanta, Georgia. At all times

mentioned herein, WBY was an employer of each Plaintiff within the meaning of 29 U.S.C. § 203(d).

5.      Defendant Steven Youngelson ("Youngelson") is an owner and officer of WBY and a resident of Fulton County, Georgia. At all times mentioned herein, Youngelson acted directly or indirectly on behalf of WBY and is an employer within the meaning of 29 U.S.C. § 203(d).

6.      Defendant Surrey White ("White") is an owner and officer of WBY and a resident of Cobb County, Georgia. At all times mentioned herein, White acted directly or indirectly on behalf of WBY and is an employer within the meaning of 29 U.S.C. § 203(d).

7.      Defendant Edward Allen ("Allen") was employed as a manager by WBY and is a resident of Henry County, Georgia. At all times mentioned herein, Allen acted directly or indirectly on behalf of WBY and is an employer within the meaning of 29 U.S.C. § 203(d).

8.      Defendant Steven Shine ("Shine") was employed as a manager by WBY and is a resident of Fulton County, Georgia.  At all times mentioned herein, Shine acted directly or indirectly on behalf of WBY and is an employer within the meaning of 29 U.S.C. § 203(d).

9.      Defendants are subject to the jurisdiction of this Court.

10.     Constance Smith ("Smith") worked as a waitress at Follies beginning in January of 2012 and continuing into September of 2014. Smith qualified as an employee under 29 U.S.C. Sec. 203(e).

11.     Courtney Ellington ("Ellington") worked as a waitress at Follies beginning in December of 2012 and continuing into September of 2015. Ellington qualified as an employee under 29 U.S.C. Sec. 203(e).

## COMMON FACTUAL ALLEGATIONS

12.     WBY operates a strip club named Follies at 4075 Buford Highway NE, Atlanta, Georgia 30345 (the "Club" or "Follies").

13.     Defendants White and Youngelson were owners and officers of WBY and involved in the day-to-day operation of the Club.

14.     Youngelson and White made the decision to misclassify Plaintiffs and other dancers as independent contractors rather than employees, and not pay them the minimum or overtime wage.

15.     At all times mentioned herein, the Club was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

16.     The Club had multiple employees, including Plaintiffs, regularly selling alcoholic beverages produced and shipped from outside of the State of

Georgia, serving foods produced and shipped from outside of the State of Georgia, and processing out-of-state credit card sales in the furtherance of its business.

17.     During 2012 through 2016, the Club had annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.     During the same period, the Club had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.     Plaintiffs were "employees" as that term is used in the FLSA, rather than independent contractors, as a matter of economic reality.

20.      Defendants were Plaintiffs' "employers" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

21.     Plaintiffs were not exempt from the minimum wage requirements of the FLSA.

22.     Defendants paid Plaintiffs no wages or other compensation whatsoever.

23.     Smith and Ellington were compensated entirely by customers in the form of tips.

24.     Smith and Ellington were required to work scheduled shifts each week and certain hours per shift.

25.     Smith and Ellington were required to wear Follies uniforms at work.

26.     Smith and Ellington were not subject to the tip credit provisions of the FLSA because they were not notified of the Club's intent to take a tip credit under the FLSA.

27.     Smith and Ellington were not subject to the tip credit provisions of the FLSA because they were not allowed to retain all of their tips and were required to participate in an illegal tip sharing pool involving managers and others.

28.     Smith and Ellington were not subject to the tip credit provisions of the FLSA because they were not paid at least $2.13 per hour.

29.     Smith and Ellington were required to pay certain fees to the bar, bouncers, valets and other employees or independent contractors of Follies.

30.     Smith and Ellington served alcohol and food, and their services were integral to Follies operations.

31.     Smith and Ellington were economically dependent on Follies.

32.     Defendants exercised significant control over Plaintiffs.

33.    There is no legal basis or precedent for misclassifying waitresses as independent contractors rather than employees under the FLSA.

## COUNT ONE
## VIOLATION OF 29 U.S.C. §§ 206 AND 215

34.    Paragraphs 1 through 33 are incorporated herein by this reference.

35.    Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

36.    Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage.

37.    Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage.

38.    Plaintiffs are entitled to payment of their minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

39.    Defendants' requirement that Plaintiffs pay fees and fines to the Club and its managers, house moms, and DJs violated the "free and clear" requirement of 29 CFR 531.35.

40.    Plaintiffs are entitled to receive all unpaid minimum wages from Defendants for the hours that they worked.

41.    Plaintiffs are entitled to recover from Defendants all fees and fines that they were required to pay in order to work at the Club.

42.    As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

43.    As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

**COUNT TWO**
**VIOLATION OF 29 U.S.C. §§ 207**

44.    Paragraphs 1 through 43 are incorporated herein by this reference.

45.    Plaintiffs were employees covered by the FLSA and entitled to the overtime wage protections set forth in FLSA § 7, 29 U.S.C. § 207.

46.    Plaintiffs worked over 40 hours in certain workweeks in which Defendants failed to compensate Plaintiffs at an overtime rate or one and one-half (1 ½) their regular rate.

47.    Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the overtime wage.

48.    Plaintiffs are entitled to payment of their overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

49.    As a result of Defendants' willful underpayment of wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

50.    As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court:

a.    Determine that Defendants are "employers" as that term is defined under the FLSA;

b.    Award Plaintiffs an amount to be determined at trial against Defendants in unpaid minimum wages, overtime wages and unlawful deductions due under the FLSA;

c.      Award Plaintiffs liquidated damages in the same amount as their

unpaid minimum wages, overtime wages and unlawful deductions;

d.      Award Plaintiffs prejudgment interest on all amounts owed;

e.      Award Plaintiffs their reasonable attorney's fees and costs of

litigation; and

f.      Award any and such other relief as is just, equitable and proper.

*/s/ Ainsworth G. Dudley*
Ainsworth G. Dudley
Georgia Bar No. 237215

4200 Northside Parkway, 1 – 200
Atlanta, Georgia 30327
Tel. 404.687.8205
Fax 404.237.2150
adudleylaw@gmail.com

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **Complaint** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

/s/ *Ainsworth G. Dudley*
Ainsworth G. Dudley
Georgia Bar No. 237215

4200 Northside Parkway, 1 – 200
Atlanta, Georgia 30327
Tel. 404.687.8205
Fax 404.237.2150
adudleylaw@gmail.com

**EXHIBIT 1**



IT IS ORDERED as set forth below:

Date: October 7, 2016

_____

**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | **CHAPTER 11** |
| **WBY, INC. a/k/a FOLLIES,** | |
|     **Debtor.** | **CASE NO. 16-52291-jrs** |
| **LATOYA BECTON, LATISHA BLAKE, SHANTERIA CAMERON, DONJANAE GRANT, SHELDON HAILEY, AYALLA TALLEY, KARENNA VAN HOOK, EBONY YARBROUGH, JANNA ANDERSON, NOELLE GREEN, RODRINNA BROOKS, MIKKI WILLIAMS, COURTNEY SACDALAN, DELISHA WATKINS, RAQUESHA MCLEAN, COURTNEY BRADLEY, MICHAELA HARRIS, TONI DAVIS, QUINA DOPOE, JESSICA SAUNDERS, TONISHA BAKER, JASMINE STEWART, SAMANTHA GLEN, SHANTE SYLVESTER, ASHLEY MURPHY, AYANA ROBINSON, CALESIA GODDARD, CHRISTINA CHARLES, CYDNEY BELL, CONSTANCE SMITH, COURTNEY ELLINGTON, DESIREE MCGOWAN, GRACE KING, HAILEY LYTLE, HOLLY HUTSELL, ISABEL SERRANO, JAZZLYN GRIFFIN, JESSICA ABRAHAM, JOLENE NYGUYN, KERRA MCDUFFIE, NINA KIM, PAMERIS LARA, TIFFANY CLARKE-MURPHY, VICTORIA WILLIAMS, SHANNON JACKSON, SAMANTHA SCHAFFER, and SARAH OLSHANSKY,** | **CONTESTED MATTER** |
|     **Movants,** | |
| **vs.** | |
| **WBY, INC. a/k/a FOLLIES,** | |
|     **Respondent.** | |

**ORDER GRANTING MOTION FOR RELIEF
FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362**

This matter came before the Court pursuant to the *Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362* ("Motion") (Doc. No. 132) filed on September 27, 2016, by Latoya Becton, Latisha Blake, Shanteria Cameron, Donjanae Grant, Sheldon Hailey, Ayalla Talley, Karenna Van Hook, Ebony Yarbrough, Janna Anderson, Noelle Green, Rodrinna Brooks, Mikki Williams, Courtney Sacdalan, Delisha Watkins, Raquesha Mclean, Courtney Bradley, Michaela Harris, Toni Davis, Quina Dopoe, Jessica Saunders, Tonisha Baker, Jasmine Stewart, Samantha Glen, Shante Sylvester, Ashley Murphy, Ayana Robinson, Calesia Goddard, Christina Charles, Cydney Bell, Constance Smith, Courtney Ellington, Desiree McGowan, Grace King, Hailey Lytle, Holly Hutsell, Isabel Serrano, Jazzlyn Griffin, Jessica Abraham, Jolene Nyguyn, Kerra McDuffie, Nina Kim, Pameris Lara, Tiffany Clarke-Murphy, Victoria Williams, Shannon Jackson, Samantha Schaffer, and Sarah Olshansky (collectively, "Movants"). The Motion came before the Court on September 28, 2016. At the hearing, Leon S. Jones and Ainsworth Dudley appeared on behalf of Movants, and Edward F. Danowitz, Jr. appeared on behalf of WBY, Inc. a/k/a Follies ("Debtor"). No party appeared in opposition. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that:

(1)     The automatic stay of 11 U.S.C. § 362 is hereby LIFTED, on a limited basis such that the Movants may file a civil action in the U.S. District Court, Northern District of Georgia, to assert claims under the Fair Labor Standards Act ("FLSA"), provided however that subsequent to the filing of such complaint (and any amended complaint), the automatic stay shall remain in effect with respect to such action except to allow such action to proceed for the purpose of the District Court determining (i) whether the Movants were employees of Debtor and, if so (ii) whether Debtor violated the FLSA, 29 U.S.C. § 201, *et seq.*, by failing to compensate Movants with wages at the minimum and overtime rates. Debtor and Movants may file any necessary motions, including dispositive motions, conduct a trial, and proceed with discovery necessary for the purposes of determining the foregoing;

(2)     This Order is entered without prejudice to any party's right to move for relief from the automatic stay so that one or more of the Movants may liquidate the amount of damages owed, if any, by Debtor to Movants; and

(3)     IT IS FURTHER ORDERED AND ADJUDGED that this Order shall be effective instanter without the necessity of any ten day stay, all as authorized by the provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3).

**[End of Order]**

Prepared by:
**JONES & WALDEN, LLC**

*/s/ Leon S. Jones*                         */s/ Ainsworth Dudley*
Leon S. Jones                               Ainsworth Dudley
Georgia Bar No. 003980                      Georgia Bar No. 231745
21 Eighth Street, NE                        Building One, Suite 200
Atlanta, Georgia 30309                      4200 Northside Parkway
(404) 564-9300                              Atlanta, Georgia 30327
*ljones@joneswalden.com*                    (404) 687-8205
Attorney for Movants                        *dudleylaw@imnisp.com*
                                            Attorney for Movants


No Opposition by:
**DANOWITZ & ASSOCIATES, P.C.**

*/s/ Edward F. Danowitz, Jr.*
Edward F. Danowitz, Jr.
(with Express Permission by Leon S. Jones)
Georgia Bar No. 003180
300 Galleria Parkway, NW, Ste. 960
Atlanta, Georgia 30339
(770) 933-0960
*Edanowitz@DanowitzLegal.com*
*Attorney for Debtor*


Distribution List

Leon S. Jones, Jones & Walden, LLC, 21 Eighth Street, NE, Atlanta, GA 30309

Ainsworth Dudley, Building One, Suite 200, 4200 Northside Parkway, Atlanta, GA 30327

Edward F. Danowitz, Danowitz & Associates, PC, 300 Galleria Pkwy, NW, Ste 960, Atlanta, GA 30339

Office of the United States Trustee, 362 Russell Federal Bldg, 75 Ted Turner Dr, SW, Atlanta, GA 30303

3