IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Constance Smith and Courtney Ellington,

                Plaintiffs,

v.

WBY, Inc., et al.,

                Defendants.

_____/

Case No. 1:16-cv-04017

Michael L. Brown
United States District Judge

# ORDER

Plaintiffs Constance Smith and Courtney Ellington sued to recover minimum and overtime wages guaranteed by the Family and Medical Leave Act, 29 U.S.C. § 201, *et seq.* ("FMLA"). Defendants WBY, Inc., Steven Youngelson, and Surrey White moved to dismiss this case. (Dkt. 26.) The Court denies Defendants' motion.

## I. Background

Plaintiffs are former entertainers at Follies Strip Club in Atlanta, Georgia. (Dkt. 17 ¶ 1.) They sue WBY, Inc., which is Follies' corporate entity, along with Follies's owners, Steven Youngelson and Surrey White.

(Dkt. 17.) Plaintiffs claim Defendants did not pay them the minimum and overtime wages required by the FLSA. (*Id.* ¶¶ 18, 19, 28.) Plaintiffs also claim that, to work, they had to pay fees to Follies and its bartenders, barbacks, bouncers, and valets. (*Id.* ¶ 25.)

Follies filed for bankruptcy on February 5, 2016. (Dkt. 17 at 1 n.1.) The Bankruptcy Court lifted the stay on October 7, 2016, to allow Plaintiffs to proceed for the purpose of the District Court to determine whether Plaintiffs were "employees" at Follies and whether Follies violated the FLSA. (*Id.*) Plaintiffs sued on October 27, 2016. (Dkt. 1.) Defendants moved to dismiss, and Plaintiffs filed an amended complaint.[1] (Dkts. 16; 17.) Defendants now move to dismiss in part the amended complaint. (Dkt. 26.) They argue the statute of limitations cuts off some of Plaintiffs' claims and that Plaintiffs cannot bring both a kickback claim and a minimum wage claim.

---

[1] "An amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint." *Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.,* No. 8:07-CV-2143, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008). As a result, the amended complaint yields the first motion to dismiss (Dkt. 16) moot.

## II. Standard of Review

The Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187, F.3d 1271, 1273 n.1 (11th Cir. 1999).

## III. Discussion

### A. Statute of Limitations

The statute of limitations for FLSA claims is two years, unless the violation is willful, and then the statute of limitations is three years. *See* 29 U.S.C. § 255(a). Plaintiffs claim Follies did not pay them minimum or overtimes wages over an extended period. Each time Follies failed to pay them earned wages, Follies violated the FLSA. *See Knight v. Columbus, Ga.*, 19 F.3d 579, 581 (11th Cir. 1994) ("It is well settled that [a] separate cause of action for overtime compensation accrues at each regular payday

immediately following the work period during which the services were rendered and for which the overtime compensation is claimed.") (quoting *Hodgon v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973)). Since Plaintiffs have pled a willful violation, the statute of limitations cuts off recovery for any unpaid pay three years from when the statute of limitations begins to run. Defendants claim the statute of limitations ran from October 27, 2013, three years before Plaintiffs sued. Plaintiffs claim the statute of limitations ran from February 5, 2013, three years before Follies entered bankruptcy.

Plaintiffs are correct. The Bankruptcy Code "delays the expiration of any limitations period that would otherwise end during the duration of the automatic stay until thirty days have passed after notice of termination of the stay." *Barraford v. T & N Ltd.*, 778 F.3d 258, 260 (1st Cir. 2015); *see* 11 U.S.C. § 108(c)(2) (allowing alternatively a plaintiff to bring her claims within the otherwise proscribed statute of limitations). The bankruptcy stay began February 5, 2016, and ended October 7, 2016. Since Plaintiffs sued October 27, 2016, they sued within the thirty-day period after the Bankruptcy Court lifted the stay. As a result, the statute

of limitations began to run when Follies entered bankruptcy, February 5, 2016.

Defendants argue the bankruptcy stay does not toll deadlines, and they are correct. (Dkt. 26 at 12–17 (citing *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir. 1993).) Plaintiffs, however, do not seek to toll deadlines, they seek to take advantage of the bankruptcy code provision that extends any statute of limitations for thirty days after the end of the bankruptcy stay. *Aslanidis* also does not help Defendants. The plaintiff there filed his claim fifty-eight days after the bankruptcy court lifted the stay, putting him outside the thirty-day window. *Aslanidis*, 7 F.3d at 1071.

Defendants also argue that equitable tolling is not appropriate here. But as Plaintiffs do not require equitable tolling, this argument is irrelevant, and the Court does not address it.

B. **Claims for Fees Paid to Follies's Support Staff**

Plaintiffs seek relief in two ways. First, they claim the required fees to Follies's support staff reduced their wages below the minimum wage (the "kickback claim"). (Dkt. 17 ¶¶ 32, 33, 35); *see* 29 C.F.R. § 531.35 ("The wage requirements of the Act will not be met where the

employee 'kicks back' directly or indirectly to the employer or to another person for the employer's benefit the whole part or part of the wage delivered to the employee."). Next, they claim they are entitled to unpaid minimum wages, given that Follies did not pay them minimum wages at all (the "minimum wage claim"). (Dkt. 17 ¶¶ 21, 34); *see* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation."). Both theories present viable claims.

Defendants argue the Court should dismiss the kickback claim because it is inconsistent with the minimum wage claim. Any inconsistency does not mean that the Court should dismiss either claim. Essentially Plaintiffs have pled two theories of recovery: Plaintiffs claim they were either employees who did not receive the required minimum wages or employees who were paid the necessary wage but who were forced to pay kickback for the employer's benefit that caused their pay to fall below the minimum level. Or perhaps they allege both happened. These permutations are not so inconsistent as to preclude each other. Plaintiffs may be able to recover for only one of these permutations, but

6

Plaintiffs have the right to plead different theories of recovery. *See* FED. R. CIV. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

Defendants' other arguments also fail. Defendants claim the tip-outs could not be less than the minimum wage because both Plaintiffs testified to averaging more money than the minimum wage. At a motion to dismiss, however, the Court is limited to the four-corners of the complaint. Defendants also assert the amended complaint does not meet the plausibility standard. The Court disagrees. The pleading standard for FLSA claims is straightforward. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.") Plaintiffs claim that they were employees of Follies, that Follies

7

failed to pay them a minimum wage, and that Follies forced them to pay fees to its bartenders, barbacks, bouncers, and valets, thus ensuring any wages they received fell below the minimum wage. Plaintiffs allege a plausible kick-back claim.

Last, Defendants argue Plaintiffs have not stated how the fees given to Follies' support staff were "expenses incurred for the benefit of the employer." This argument is unconvincing. The fees made Follies a more lucrative, and thus attractive, place for the support staff to work.

## IV. Conclusion

The Court **DENIES** Defendants' Motion to Dismiss (Dkt. 26) and **DENIES AS MOOT** Defendants' Motion to Dismiss (Dkt. 16).

**SO ORDERED** this 19th day of November, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE